# LITIGATION HOLD NOTICE AND MOTION TO PRESERVE EVIDENCE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

Nicola Ann-Marie Chin,
Plaintiff,

v.

Covenant House New York,
Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/13/2026
```

Case No. 1:25-cv-09991-MKV

Dated: 2026-04-09

Plaintiff Nicola Ann-Marie Chin respectfully moves for an order directing Defendant Covenant House NY to preserve all potentially relevant evidence, including electronic and paper documents, related to the claims and defenses in this employment discrimination action. This litigation hold is necessary to safeguard critical evidence as the parties approach discovery and to prevent the loss or destruction of materials essential to a fair adjudication of the case.

This case involves claims of discrimination, retaliation, and disability-related violations under Title VII, the ADA, the ADEA, and related state and city statutes. Plaintiff alleges that she was terminated after submitting medical leave documentation and that similarly situated employees, including Meagan Wright, were treated more favorably for comparable or more severe attendance issues. Discovery is imminent, and key evidence—including emails, personnel files, payroll records, medical documentation, and communications concerning attendance, leave, and comparator employees—are within the exclusive possession and control of Defendant.

In employment discrimination litigation, the risk of spoliation is particularly acute where evidence may be stored in multiple formats and locations, including email servers, HRIS systems, payroll platforms (such as Paycom), and physical personnel files. The loss of such evidence would severely prejudice Plaintiff's ability to prove disparate treatment, pretext, and

the sequence of protected activity and adverse employment actions. The duty to preserve arises when litigation is reasonably anticipated, as it is here following the filing of the complaint, the issuance of summons, and the delivery of the service package to the U.S. Marshals.

Accordingly, Plaintiff requests that the Court (1) issue a litigation hold notice requiring Defendant to preserve all relevant ESI and paper records, (2) direct Defendant to notify all relevant custodians and IT personnel of their preservation obligations, and (3) require Defendant to confirm in writing its compliance with these obligations. This relief is consistent with the Federal Rules of Civil Procedure and the preservation practices required in the Southern District of New York.

The following section will explain the legal basis for this preservation order and the scope of Defendant's obligations under federal law and local practice.

## LEGAL BASIS FOR LITIGATION HOLD ORDER

The duty to preserve evidence arises when litigation is reasonably anticipated, and the Federal Rules of Civil Procedure grant courts the authority to order parties to take affirmative steps to prevent the destruction or alteration of relevant evidence. In employment discrimination cases such as this, the risk of spoliation is heightened because critical evidence—including electronic communications, personnel files, payroll records, medical documentation, and attendance or disciplinary records for comparators—may exist in multiple formats and be subject to routine deletion or alteration in the ordinary course of business.

Under Rule 26 and Rule 37 of the Federal Rules of Civil Procedure, parties are required to preserve all documents, electronically stored information (ESI), and tangible things that may be relevant to any claim or defense. The Court has inherent power to issue preservation orders to ensure the integrity of the discovery process and to impose sanctions if a party fails to comply and evidence is lost or destroyed. Courts in the Southern District of New York have consistently recognized that a litigation hold is warranted where, as here, the complaint has been filed, service is underway, an amended complaint is on file, and discovery is imminent.

In this case, Plaintiff has alleged discrimination, retaliation, and disability-related violations, and has identified specific categories of evidence at risk, including emails, ESI, personnel files, payroll records, leave documentation, and records relating to comparator employees such as Meagan Wright. Defendant Covenant House NY has exclusive control over many of these

records, and the risk of loss or alteration will increase as time passes and as routine data management processes continue.

Failure to preserve this evidence would result in significant prejudice to Plaintiff, undermining her ability to prove disparate treatment, pretext, and the sequence of protected activity and adverse action. A litigation hold order is therefore necessary to ensure that all relevant evidence is maintained and made available for discovery, and to uphold the integrity of the judicial process.

The next section will detail the specific relief requested to implement this litigation hold and safeguard the evidence needed for fair adjudication of the claims.

**RELIEF REQUESTED**

For the reasons set forth above, Plaintiff respectfully requests that the Court enter an order requiring Defendant Covenant House NY to immediately preserve and not destroy, alter, or delete any electronic or paper evidence relevant to this action. This includes, but is not limited to: emails, electronic files, HRIS data, Paycom records, personnel files, payroll and medical leave records, disciplinary records, and all communications regarding comparator employees such as Meagan Wright. Plaintiff further requests that Defendant notify all relevant custodians and IT personnel of their preservation obligations and confirm in writing that such steps have been taken.

Plaintiff requests that the Court's order remain in effect through the conclusion of discovery and that, should any issues arise regarding compliance, the parties be directed to promptly notify the Court for further relief or a status conference as needed. Preservation of this evidence is essential to ensure a fair and complete discovery process in this employment discrimination litigation.

**CERTIFICATE OF SERVICE**

I, Nicola Chin, hereby certify that on 2026-04-09, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered CM/ECF users.

Dated: 2026-04-09

Respectfully submitted,

By: /s/ Nicola Chin


Nicola Chin

> As Plaintiff notes, Defendant is obliged to preserve all relevant evidence, including as reflected in Rules 26 and 37 of the Federal Rules of Civil Procedure. Accordingly, an Order to this effect is not presently necessary, and the Clerk of Court is respectfully requested to terminate docket entry number 16.

Date: 4/13/2026
New York, New York

Mary Kay Vyskocil
United States District Judge